[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2007
THOMAS K. KAHN
CLERK

No. 06-12784
Non-Argument Calendar

_____

D. C. Docket No. 05-00352-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO VILLALOBOS GUERRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 7, 2007)

Before TJOFLAT, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Mario Villalobos Guerrero appeals his 135-month sentence for conspiring

and possessing with the intent to distribute cocaine while aboard a vessel, in violation of 46 App. U.S.C. §§ 1903 (a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii).  On appeal, Guerrero argues that his low-end sentence is unreasonable because the 18 U.S.C. § 3553(a) factors suggest that a sentence below the advisory guidelines range is appropriate.

The government contends that this appeal should be reviewed for plain error because Guerrero failed to object in the district court that his sentence was unreasonable.  We typically, however, apply a reasonableness standard in reviewing sentences.  See United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765 (2005).  We need not decide the issue of which standard to apply because, as demonstrated below, his sentence was reasonable, and thus, was proper under either standard of review.

Under Booker, the sentencing court must first correctly calculate the defendant's guideline range.  Then, using the § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence, so long as it is reasonable. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).   The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment];
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range . . . ;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); Booker, 543 U.S. at 259-61, 125 S.Ct. at 764-66. While the district court must consider the section 3553(a) factors, it need not engage in a detailed, step-by-step analysis of every factor. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) ("nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors").

On appeal, a district court's imposition of a particular sentence is reviewed for reasonableness. Booker, 543 U.S. at 261, 125 S. Ct. at 765. "Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id. A sentence within the advisory guideline range is not per se reasonable, but we ordinarily expect such a sentence to be reasonable. See id. In Scott, we held that a sentence was reasonable because the district court

had accurately calculated the guideline range, stated that it had considered the section 3553(a) factors, considered evidence in mitigation, and sentenced the defendant to the low end of the guideline range. 426 F.3d at 1329-30.

The district court here specifically stated that it took into account the advisory guidelines and the § 3553 factors, elicited input from both parties regarding the factors, and asked Guerrero for any additional mitigating evidence. Thus, the district court properly considered the mitigating factors Guerrero points to, and properly sentenced Guerrero to 135 months' imprisonment based on the guideline range of 135 to 168 months. See Scott, 426 F.3d at 1329-30. Because Guerrero has failed to show that his sentence was unreasonable, regardless of the standard applied, we affirm.

**AFFIRMED.**